IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TY BRETT PIERCE, #2499789, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:25-cv-389-JDK-JDL |
| § | |
| WILLIAM BLANTON, et al., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ty Brett Pierce, a prisoner of the Texas Department of Criminal Justice proceeding pro se, brought these civil rights claims in a previously-filed lawsuit pursuant to 42 U.S.C. § 1983, in which the Court found them improperly joined and severed them into this action. The instant case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On November 24, 2025, Judge Love issued a Report recommending that Plaintiff's lawsuit be dismissed for failure to prosecute because Plaintiff had failed to comply with the Court's order to satisfy the filing fee requirement and to amend the complaint to cure identified deficiencies. Docket No. 5. A copy of this Report was mailed to Plaintiff, but it was returned as undeliverable. Docket No. 6. Plaintiff did not file objections within the prescribed period, and his failure to keep the Court apprised of his current address constitutes a violation of this Court's rules and of his general obligation to take the steps necessary to prosecute his claims. *See Martinez-*

*Reyes v. United States*, 2016 WL 8740494 *4 (S.D. Tex. Oct. 10, 2016) (explaining that "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)); Local Rule CV-11(d) ("A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address.").

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews her legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to

law.  Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 5) as the findings of this Court.  It is therefore **ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute.  All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **16th** day of **January, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE